ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN - 5 2011
CLERK, U.S. DISTRICT COURT
By_____
      Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDDIE MAE CLEMONS, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:10-CV-627-Y |
| | § | |
| JOE KEFFER, WARDEN, | § | |
| FMC-CARSWELL, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Eddie Mae Clemons, Reg. No. 80438-020, is a federal prisoner incarcerated in FMC-Carswell in Fort Worth, Texas.

Respondent Joe Keffer is Warden of FMC-Carswell.

## C. Procedural History

In 2007, pursuant to a plea agreement, Clemons pled guilty to two counts of bank fraud, in violation of 18 U.S.C. § 1344, and one count of misuse of a social security number, in violation of 42 U.S.C. § 408, in the United States District Court for the Middle District of Georgia, Macon Division. (Resp't App. at 1-2) Clemons appealed her convictions and/or sentences and sought postconviction relief *via* 28 U.S.C. § 2255 and Rule 35 motion to reduce or correct sentence, to no avail. *See United States v. Clemons*, PACER, U.S. Party/Case Index, Criminal Docket for # 5:07-cr-00015-CAR-CWH-1. Clemons filed this federal petition wherein she challenges her bank fraud convictions under § 2241 in this division, where she is currently incarcerated. The government has filed a motion to dismiss the petition for lack of jurisdiction.

## D. Discussion

Clemons claims the Supreme Court decisions in *Skilling v. United States*, 130 S. Ct. 2896 (2010), and *Black v. United States*, 130 S. Ct. 2963 (2010), which involved the "honest services" fraud statute in 18 U.S.C. § 1346,[1] has rendered the conduct for which she was convicted and imprisoned non-criminal. Thus, she asserts she is actually innocent of the bank fraud offenses and allowing her convictions to stand would result in a violation of her rights under the Due Process Clause. (Pet'r Mem. at 1-4) Because Clemons cannot meet the requirements of the savings clause under 28 U.S.C. § 2255(e), the petition should be dismissed for lack of jurisdiction.

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary

---

[1] In the cases cited by Clemons, the Supreme Court contemporaneously considered the issue of the constitutionality of the honest services fraud statute, with *Skilling* resulting in the Court's lead opinion.

2

means under which a federal prisoner may collaterally attack the legality of her conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence only if she can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) her claim is based on a retroactively applicable Supreme Court decision which establishes that she may have been convicted of a nonexistent offense, and (2) her claim was foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Clemons has not provided any valid reason why the § 2255's remedy is either inadequate or ineffective. She cannot rely on § 2241 to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack*, 218 F.3d at 453 (citing *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective).

Moreover, it is well established that "the savings clause of § 2255 applies to a claim of actual innocence '(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.'" *Padilla v. United States,* 416 F.3d 424, 426 (5th Cir. 2005) (quoting *Reyes-Requena,* 243 F.3d at 904); *see also Christopher v. Miles,* 342 F.3d 378, 382 (5th Cir. 2003) (citing *Reyes-Requena,* 243 F.3d at 900-01). The Supreme Court has not held *Skilling* applies retroactively to cases on collateral review, and, contrary to her assertion, Clemons cannot demonstrate that the conduct for which she was convicted has been decriminalized.

In *Skilling,* the Supreme Court held that 18 U.S.C. § 1346 criminalizes only bribery and kickback schemes, *i.e.,* fraudulently depriving another of one's honest services by accepting bribes or kickbacks. *Skilling,* 130 S. Ct. at 2933. Here, Clemons was convicted of bank fraud, under 18 U.S.C. § 1344, and there were no allegations of honest services fraud, explicitly or implicitly, in the underlying criminal indictment. (Resp't Mot. to Dismiss at 5) *See United States v. Hoeffner,* — F.3d —, 2010 WL 4648480, at *4-6 (5th Cir. Nov. 18, 2010); *United States v. Anderson,* No. 3:10-CV-1550-B, 2010 WL 4623831, at *1-2 (N.D.Tex. Oct. 20, 2010). Thus, the Supreme Court's holding in *Skilling* is neither relevant nor applicable to her bank fraud convictions.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the government's motion to dismiss be granted, and Clemons's petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 25, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 25, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January _____5_____, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE