IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| EDDIE MAE CLEMONS, § | |
|     Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO.4:10-CV-627-Y |
| § | |
| JOE KEFFER, Warden, § | |
| FMC-Carswell, § | |
|     Respondent. § | |

ORDER ADOPTING
MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
(With special instructions to the clerk of court)

In this action brought by petitioner Eddie Mae Clemons under 28 U.S.C. § 2241, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on January 5, 2011; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on January 12, 2011.

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, that the Respondent's motion to dismiss must be granted, and the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed for lack of jurisdiction, for the reasons stated in the magistrate judge's findings and conclusions.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED, as modified.[1]

---

[1] As determined by the magistrate judge, because Clemons was not convicted of any offenses involving the "honest services" doctrine, the decision of the Supreme Court in *Skilling v. United States*, 130 S.Ct. 2896 (2010) has no relevance and is not applicable. The magistrate judge also determined that the *Skilling* decision is not a retroactively-applicable decision for purposes of the first element in the test for determining whether a § 2241 petition may be filed consistent with the "savings clause" of § 2255. The respondent has now acknowledged to this Court that the *Skilling* decision is retroactive for such purposes. *See Edelman v. Keffer*, No.4:10-CV-531-Y (April 26, 2011, Response.) As the *Skilling* case is not applicable to Clemons's conviction, that *Skilling* is

Respondent Keffer's motion to dismiss (doc. 5) is GRANTED.

Eddie Mae Clemons's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

SIGNED June 8, 2011.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

retroactive does not change the resolution of Clemons's § 2241 petition.